UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE McGREGOR and
IOM ASSOCIATES, LLC,

    Plaintiffs,

v.                                                                                         Case No. 04-73547

HUNTING SPECIALIZED COATING, INC.,             HONORABLE AVERN COHN
d/b/a HUNTING INDUSTRIAL COATINGS,

    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**[1]

This is a breach of contract case seeking the recovery of sales commissions. Plaintiffs Theodore McGregor (McGregor) and Iom Associates, LLC (Iom) are suing defendant Hunting Specialized Coating, Inc. d/b/a Hunting Industrial Coating (Hunting) claiming breach of contract and violation of Ohio's sales representative commissions act, O.R.C. § 1335.11. Hunting has counterclaimed for breach of contract and breach of fiduciary duty.

Before the Court is plaintiffs' motion for summary judgment on Hunting's breach of fiduciary duty claims on the grounds that no fiduciary relationship exists as a matter of law based on the parties' agreements. For the reasons that follow the motion is DENIED.

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

II.  Background

McGregor is a Michigan citizen.  Iom is a Michigan limited liability company owned by McGregor.  Hunting is an Ohio corporation that apparently makes products used in the automotive industry.

The parties entered several contracts, as follows:

On January 3, 2001, Hunting and Iom entered into a Sales Consulting Agreement under which Iom agreed to provide sales and consulting services to Hunting with regard to securing business from American Axel & Manufacturing, Inc.  The parties refer to this contract as Contract A.

On May 21, 2003, Hunting and McGregor entered into a Sales Consulting Agreement under which McGregor agreed to provide sales and consulting services to Hunting with regard to obtaining business from Crown Automotive.  The parties refer to this contract as Contract B.

Also on May 21, 2003, Hunting and McGregor entered into an End User Agreement under which McGregor agreed to provide consulting services to Hunting relative to strategic decisions contemplated by Ford, GM, and DaimlerChrysler.  The parties refer to this contract as Contract C.

All contracts contain choice of law provisions.  Contract A states that "[t]he terms and provisions of this Agreement shall be governed by and construed in accordance with the laws of the state of Ohio."  Contract A at ¶ 22.  Contracts B and C state that "[t]he terms and provisions of this Agreement shall be governed by and construed in accordance with the laws of the State of Michigan."  Contract B at ¶ 22; Contract C at ¶ 19.

In addition, all of the contracts contain a provision stating that the relationship between Iom to Hunting and McGregor to Hunting is that of an independent contractor. See Contract A at ¶ 3, Contract B at ¶ 3, Contract C at ¶ 3.

At some point, the parties' relationship deteriorated resulting in the instant lawsuit.

On September 14, 2005, plaintiffs sued Hunting.  Essentially, claiming that Hunting has failed to pay commissions as due under the parties' contracts.

Hunting filed a counterclaim, making the following claims:

| | |
|---|---|
| Count I | Breach of contract [Contract C] against McGregor |
| Count II | Breach of contract [Contract C] against McGregor |
| Count III | Breach of contract [Contract A] against Iom |
| Count IV | Breach of fiduciary duty against McGregor |
| Count V | Breach of fiduciary duty against Iom |

The breach of contract claims against McGregor allege that he failed to comply with the exclusivity provisions of the contracts, failed to promote Hunting's products, quoting prices to customers without prior approval, and failed to provide relevant information.  The breach of contract claims against Iom make similar allegations.  The breach of fiduciary duty claims against both McGregor and Iom are based on allegations that plaintiffs entered into contractual relationships with Hunting's competitors.

Discovery is on-going.  The pretrial and scheduling order sets a discovery cut off of June 30, 2005 and a deadline for motions of July 31, 2005.

On March 2, 2005, plaintiffs filed the instant motion.

III.  Legal Standards

3

As an initial matter, Hunting is correct that plaintiffs' motion is more properly characterized as a motion to dismiss, not a motion for summary judgment. The thrust of plaintiffs' argument is, based solely on the language of the contracts regarding plaintiffs' status as independent contractors, Hunting cannot bring a claim for breach of fiduciary duty against them. The contracts are attached to plaintiffs' complaint and therefore part of the pleadings. In any event, as will be explained, in the context f a motion to dismiss, Hunting has stated a claim for breach of fiduciary duty. In the context of a motion for summary judgment, genuine issues of material fact exist as to whether plaintiffs and Hunting had a fiduciary relationship.

Additionally, the motion is a motion for *partial* dismissal as plaintiffs seek only to dismiss Hunting's breach of fiduciary duty claims.

### A.  Motion to Dismiss

When analyzing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take a plaintiff's well-pleaded allegations as true. Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977). "[W]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." Sinay v. Lawson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### B.  Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. There is no genuine issue of

material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the

moving party is entitled to judgment as a matter of law may summary judgment be granted.  Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

IV.  Analysis

1.  Parties' Arguments

Plaintiffs say that under Ohio law, there is no fiduciary duty between independent contractors and one who engages its services unless both parties understand that the relationship is one of special trust and confidence.  Because the contracts at issue all clearly state that the plaintiffs are independent contractors, there cannot be a fiduciary relationship.

Hunting first says that plaintiffs' motion is premature given the early stage of the case - written discovery has been exchanged but no depositions have taken place.  Hunting also says that (1) Michigan, not Ohio law, governs its claims for breach of fiduciary duty, (2) Michigan law recognizes the potential for the existence of fiduciary duties in independent contractor relationships, (3) there is evidence that such a relationship exits between the parties, (4) even if Ohio law controls, under Ohio law the mere existence of an independent contractor relationship does not preclude a finding of a fiduciary relationship.

B.  Conclusion

Hunting's arguments are well-taken.  Putting aside the question of whether Michigan or Ohio law controls, it is clear that under either law, a fiduciary relationship may exist between the parties to an independent contractor relationship, depending on the facts and circumstances of the relationship, even if the parties' agreement provides for an independent contractor relationship.  See R.A. Vandelde & Assoc, Inc. v. S/G

Industries, Ltd., 1996 WL 33357579 (Mich. App. Oct. 8, 1996) (unpublished); Muglia v. Kaumagraph Corp., 1995 WL 492933 (6th Cir. Aug. 16, 1995) (unpublished); NE Ohio College of Massachusetts v. Burek, 759 N.E. 2d 869 (Ohio App. 2001); Tanksley & Assoc. v. Willard Industries, Inc., 961 F. Supp. 203 (S.D. Ohio 1997).  What these cases show is that while generally an independent contractor does not owe a fiduciary duty to the one who engages its services, a fiduciary relationship may be found to exist if the parties understand that the relationship is one of special trust or confidence.  Such a finding necessarily requires an examination into a fully developed record beyond simply the language of the parties' agreements.  Indeed, in Burek, the sole case upon which plaintiffs rely, the court held that based "a thorough review of the record indicates that appellants failed to produce evidence showing that [appellees], who were acting as independent contractors, entered into a fiduciary relationship with appellants." Burek, 759 N.E. 2d at 875.  The court therefore held that the trial court properly dismissed the breach of fiduciary duty claim *on summary judgment*.

Overall, Hunting has stated a claim against McGregor and Iom for breach of fiduciary duty.  Whether or not Hunting will marshal sufficient evidence to survive summary judgment or ultimately prevail on its claims at trial, is another matter not before the Court at this time.

SO ORDERED.

Dated:  June 3, 2005

 s/Avern Cohn
 AVERN COHN
 UNITED STATES DISTRICT JUDGE

**Proof of Service**

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 3, 2005, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Case Manager, (313) 234-5160